UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STACY L.,

              Plaintiff,

       -v-                        3:24-CV-181

COMMISSIONER OF
SOCIAL SECURITY,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                        OF COUNSEL:

STACY L.
Plaintiff, Pro Se
429 Sheldon Road
Freeville, NY 13068

SOCIAL SECURITY               JASON P. PECK, ESQ.
   ADMINISTRATION           Special Ass't U.S. Attorney
Attorneys for Defendant
Office of the General Counsel
6401 Security Boulevard
Baltimore, MD 21235

DAVID N. HURD
United States District Judge

## **DECISION & ORDER**

On February 6, 2024, *pro se* plaintiff Stacy L.[1] ("plaintiff") filed this civil action seeking review of the final decision of defendant Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Along with her complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 3.

Because she was proceeding without a lawyer, a member of the Clerk's Office staff issued to plaintiff copies of this District's *pro se* handbook and Local Rules. Dkt. No. 6. Plaintiff signed a standard form acknowledging that she had received these documents. *Id.* Importantly, the Clerk's Office also issued to plaintiff a copy of this District's General Order 18, which sets forth the briefing schedule used for Social Security Appeals. Dkt. No. 6.

Thereafter, Chief U.S. Magistrate Judge Thérèse Wiley Dancks[2] granted plaintiff's IFP Application, Dkt. No. 9, and the Commissioner filed, Dkt. No. 10, and then served on plaintiff, Dkt. No. 11, a duly certified copy of the

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only claimant's first name and last initial will be mentioned in this opinion.

[2] Plaintiff declined to consent to the direct exercise of Magistrate Judge jurisdiction, so this case was reassigned to this Court and then referred to Judge Dancks for an R&R on the appeal. *See* Dkt. No. 4. However, because this action is being dismissed for a failure to prosecute, it is being decided directly.

Administrative Record. Consistent with General Order 18, plaintiff's opening brief was therefore due on or before May 10, 2024. *Id.*

Plaintiff failed to meet this first deadline. Thus, on May 20, 2024, after reviewing the docket, Judge Dancks issued a Text Order in which she:

> notes that pro se plaintiff has not filed her brief and it is unclear whether plaintiff was given notice of the due date for the brief which is now expired. Therefore, the Court sua sponte extends plaintiff's time to file her brief to 6/21/2024. Plaintiff is advised that the filing of a brief may be a party's "only opportunity to set forth arguments that entitle the party to a judgment in its favor . . . In the event a plaintiff fails to submit a brief, the defendant may file a motion to dismiss for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), and the action may be dismissed with prejudice on the basis of the plaintiff's failure to file a brief." General Order No. 18, pp. 6–7.

Dkt. No. 12.

Plaintiff failed to meet this second deadline. Thus, on July 3, 2024, after reviewing the docket, Judge Dancks issued a second Text Order in which she:

> notes that the pro se Plaintiff still has not filed her brief after the Court sua sponte extended her time to do so. (See Dkt. No. 12 .) In view of Plaintiff's pro se status, the Court will provide her with one FINAL opportunity to file her brief which is now due 8/2/2024. Plaintiff is once again advised that the filing of a brief may be her "only opportunity to set forth arguments that entitle the party to a judgment in its favor. The failure to file a brief by either party may result in the consideration of the record without the benefit of the party's arguments. In the event a plaintiff fails to submit a brief, the defendant may file a motion to dismiss for failure to prosecute, pursuant to Federal

> Rule of Civil Procedure 41(b), and the action may be dismissed with prejudice on the basis of the plaintiff's failure to file a brief." General Order No. 18, pp. 6–7.
>
> Stated another way, Plaintiff's failure to file a brief may result in dismissal of this action. In the event Plaintiff fails to file her brief by the extended due date of 8/2/2024, Defendant should file a motion to dismiss in accordance with General Order No. 18 by 8/30/2024.

Dkt. No. 13.

Plaintiff failed to meet this third deadline, too. Thus, on August 21, 2024, the Commissioner moved to dismiss plaintiff's complaint in accordance with General Order 18 and Judge Dancks's Orders. Dkt. No. 14. Despite being served by the Commissioner, Dkt. No. 15, and served separately by the Court itself, Dkt. No. 16, plaintiff has not responded to the Commissioner's motion to dismiss. Because the time period in which to do so has expired, the motion will be considered on the basis of the presently available submissions without oral argument.

Under Rule 41 of the Federal Rules of Civil Procedure, a trial court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b); *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (explaining that "these rules" includes the Federal Rules and a district's local rules of practice). Although the Rule itself speaks about a *defendant's* motion to dismiss, it is "unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure

to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

Of course, the outright dismissal of a case is a "harsh remedy to be utilized only in extreme situations," *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004), and courts should be particularly hesitant to dismiss a *pro se* litigant's case for simple procedural deficiencies, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Even so, the authority to dismiss an action that a litigant—even a *pro se* one—has failed to prosecute "is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Lyell Theatre Corp. v. Loews Corp.*, 683 F.3d 37, 42 (2d Cir. 1982). To determine whether dismissal instead of some lesser sanction is warranted, a district court must weigh:

> (1) whether the plaintiff "caused a delay of significant duration";
>
> (2) whether the plaintiff was "given notice that further delay would result in dismissal";
>
> (3) whether the defendant was "likely to be prejudiced by further delay";
>
> (4) whether dismissal would balance "the need to alleviate court calendar congestion . . . against [the] plaintiff's right to an opportunity for a day in court"; and
>
> (5) whether lesser sanctions would be effective.

*Drake*, 375 F.3d at 254. "No single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam).

Upon review, the Commissioner's motion to dismiss will be granted. First, plaintiff has caused a significant delay. A review of the docket report shows that plaintiff has not been in contact with the Court since she first filed this action back in February 6, 2024—since then, plaintiff has ignored and failed to respond to multiple Text Orders that *sua sponte* extended the deadlines for her to take action to move this case forward, and has failed to respond to the Commissioner's motion to dismiss.

This amounts to a delay of at least eight months. While shorter delays do not warrant dismissal, our Local Rules recognize that a delay of four months is "presumptive evidence of lack of prosecution," N.D.N.Y. L.R. 41.2(a), and courts regularly find that this factor weighs in favor of dismissal where the delay stretches beyond five or six months, *Sessoms ex rel. V.C. v. Comm'r of Soc. Sec.*, 2022 WL 511646, at *1 (E.D.N.Y. Feb. 21, 2022). (collecting cases).

Second, plaintiff has been given ample notice and warning that continued delay would result in dismissal. On May 20, 2024, and again on July 3, 2024, Judge Dancks warned plaintiff that her failure to file an opening brief would justify dismissal of this action for a failure to prosecute. Dkt. Nos. 12, 13. In addition, the Commissioner's motion to dismiss on this basis made clear that

it sought dismissal of this case for plaintiff's non-action. Dkt. No. 14. All of these notices were served on plaintiff at the address she left on file with the Court. As noted above, the *pro se* notice issued to plaintiff when she initially filed this civil action—a notice she acknowledged with her signature—warned her that she was obligated to immediately notify the Court of any change in her address. Dkt. No. 6. If, despite repeated mailings and these procedural safeguards, plaintiff still did not receive actual notice of any of these filings, the "responsibility for that miscommunication lies with her." *Sessoms*, 2022 WL 511646, at *2.

Third, the Commissioner is likely to be prejudiced by further delay, which has already stretched beyond eight months. Courts generally presume that the defendant is likely to suffer prejudice when, as here, plaintiff has caused an "unreasonable delay." *LeSane*, 239 F.3d at 209; *Lyell Theatre Corp.*, 682 F.2d at 43 ("Prejudice to defendants resulting from unreasonable delay may be presumed.").

Fourth, the need to alleviate calendar congestion and move cases toward trial outweighs plaintiff's right to receive a further chance to be heard in this case. As the Commissioner points out, judges in this district have typically found this factor satisfied in the Social Security context because a plaintiff's failure to prosecute contributes to the Second Circuit's relatively long median time to disposition for these cases. In short, it is entirely appropriate to close

a case that stalled out over eight months ago because of plaintiff's repeated and uninterrupted failure to respond to, much less comply with, court orders.

Fifth and finally, lesser sanctions would be completely effective. Plaintiff was granted IFP status, which means she almost certainly cannot afford any kind of monetary sanction (conditional, nominal, or otherwise). Even more importantly, plaintiff has been completely unresponsive in this matter since day one. Since she filed this action on February 6, 2024, plaintiff has not responded to any of the Court's orders, instructions, or directives and, as explained in the Commissioner's moving brief, she has also ignored the Commissioner's counsel's separate attempts to resolve this matter.

In sum, plaintiff has yet to comply with a single Court order that has been issued in this action. There is no indication under these circumstances that a lesser sanction than dismissal (that would necessarily come in the form of a further Court order) would prompt a different outcome. *Ruzsa v. Rubenstein & Sendy Attys at Law*, 520 F.3d 176, 178 (2d Cir. 2008). Accordingly, even accounting for plaintiff's unrepresented status, the relevant factors weigh strongly in favor of dismissal with prejudice for a failure to prosecute.

Therefore, it is

ORDERED that

1. The Commissioner's motion (Dkt. No. 14) is GRANTED; and

2. Plaintiff's complaint is DISMISSED for failure to prosecute.

The Clerk of the Court is directed to enter a judgment accordingly and close the file.

IT IS SO ORDERED.

Dated: October 30, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge